THE CONNECTICUT LIGHT AND POWER COMPANY *v.* JOHN L. SULLIVAN, TAX COMMISSIONER

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued April 4—decided May 28, 1963

*Charles W. Page,* with whom, on the brief, was *W. Robert Hartigan,* for the appellant (plaintiff).

*F. Michael Ahern,* assistant attorney general, with whom, on the brief, were *Walter T. Faulkner,* assistant attorney general, and *Albert L. Coles,* attorney general, for the appellee (defendant).

BALDWIN, C. J. The question presented by this appeal is whether the plaintiff may, in computing its gross earnings tax liability under §§ 12-264, 12-265 and 12-268n of the General Statutes for the tax year ending December 31, 1961, deduct from its gross earnings the revenues received from the sale of electricity to municipal utilities for resale.[1]

---

[1] "[Chapter 212] Sec. 12-264. TAX ON GROSS EARNINGS. Every municipality or department or agency thereof, or district, manufacturing, selling or distributing gas or electricity to be used for light, heat or power, in this chapter and in chapter 212a called a 'municipal utility,' and each company, the principal business of which is manufacturing, selling or distributing gas or electricity or steam to be used for light, heat or power or operating a system of water works for selling and distributing water for domestic or power purposes, shall pay an annual tax upon gross earnings from such operations in this state. . . . No deductions shall be allowed from such gross earnings for any commission, rebate or other payment, except a refund resulting from an error or overcharge, and

Section 12-264, as amended by Public Acts 1961, No. 604, § 14, provides that municipal utilities selling gas or electricity, as well as public service companies selling water, steam, gas or electricity, shall pay a tax on their annual gross earnings from operations in this state. Section 12-265, as amended by Public Acts 1961, No. 604, § 15, fixes the rate at 4 percent on the amount of gross earnings in each year but allows a deduction of gross earnings from the sale of electricity, gas, water or steam, as the case may be, to other public service corporations or municipal utilities for resale. Public Acts 1961, No. 604, became effective generally (§ 37) on passage. However, the sections of Public Act No. 604 which amended §§ 12-264 and 12-265 were made effective as to "companies" mentioned therein only as to years ending on or after December 31, 1961, and as to "municipal utilities" mentioned therein only as to years ending on or after December 31, 1962. General Statutes § 12-268n.

those specifically mentioned in section 12-265. Each such company and municipal utility shall, on or before the first day of April, annually, render to the tax commissioner under oath of its treasurer, or the person performing the duties of treasurer, or of an authorized agent or officer, a return on forms prescribed or furnished by the commissioner . . . .

"Sec. 12-265. RATE. Each company and municipal utility included in section 12-264 shall be taxed at the rate of four per cent upon the amount of gross earnings in each tax year from operations, but deductions shall be made of gross earnings from the sale of any water, steam, gas or electricity to other public service corporations or municipal utilities for resale. . . ."

"[Chapter 212a] Sec. 12-268n. Chapters . . . 212 and this chapter shall be effective as to companies mentioned therein only as to years ending on or after the thirty-first day of December, 1961, and as to taxes thereunder payable in the year 1962 or any year thereafter, and as to municipal utilities mentioned therein only as to years ending on or after the thirty-first day of December, 1962, and as to taxes thereunder payable in the year 1963 or any year thereafter."

The plaintiff is a public service company whose gross earnings are subject to the tax. It sells substantial quantities of electricity to municipal utilities for resale to their customers. Municipal utilities are now also subject to the tax. The sales of electricity by the plaintiff to municipal utilities for resale are made at rates which reflect its costs, including its gross earnings tax liability attributable to those sales. Under some, but not all, contracts between the plaintiff and municipal utilities, provision is made for a modification of rates to reflect changes in the gross earnings tax rate. The plaintiff claims that in computing its gross earnings for the year ending December 31, 1961, it is entitled to a deduction for earnings derived from sales of electricity to municipal utilities for resale. Conversely, the tax commissioner claims that the plaintiff will not be entitled to such a deduction until it makes its return for the year ending December 31, 1962, the year in which municipal utilities became subject to the tax.

The issue raises the question of the legislative intent expressed in § 12-268n when it is read with §§ 12-264 and 12-265, to which it expressly relates. To determine the legislative intent expressed in these statutes, we look to their wording and to their history and basic policy as disclosed by preexisting legislation and the circumstances which brought about their enactment. *Jennings* v. *Connecticut Light & Power Co.*, 140 Conn. 650, 658, 103 A.2d 535; *Oppenheimer* v. *Connecticut Light & Power Co.*, 149 Conn. 99, 102, 176 A.2d 63. Legislative intent is found not in what the legislature meant to say but in what it did say. *Connecticut Chiropody Society, Inc.* v. *Murray,* 146 Conn. 613, 617, 153 A.2d 412; *Lee* v. *Lee,* 145 Conn. 355, 358, 143 A.2d 154;

*Mad River Co.* v. *Wolcott,* 137 Conn. 680, 686, 81 A.2d 119. It is a cardinal rule that taxing statutes, though not statutes according exemptions from taxes, are to be strictly construed against the state and that reasonable doubt as to their meaning should be resolved in favor of the taxpayer. *Connelly* v. *Waterbury National Bank,* 136 Conn. 503, 510, 72 A.2d 645; 3 Sutherland, Statutory Construction (3d Ed.) § 6701.

A tax on the gross earnings of public service companies, fixed at the rate of 1.5 percent, was first imposed in 1915. Public Acts 1915, c. 292, §§ 11, 12. The tax applied only to gross earnings derived from operations within the state. In 1917, the 1915 law was amended to make the tax year correspond with the calendar year instead of running from June 30 to the succeeding June 30 as theretofore. Public Acts 1917, c. 70, § 1; Rev. 1918, § 1371. In 1919, the law was further amended to permit a deduction of the gross earnings derived from the sale of water, gas or electricity to other public service corporations "for distribution within this state." Public Acts 1919, c. 249 § 2. The 1919 statute was amended in 1927 by deleting the quoted words. Public Acts 1927, c. 210, § 2. So far as we are here concerned, the 1927 predecessor of what is presently § 12-265 remained unchanged until 1961. Rev. 1930, § 1323; Sup. 1941, § 181f; Rev. 1949, § 1951; General Statutes § 12-265 (1958). It is notable that, until it was amended in 1961, this legislation allowed no deduction of the earnings derived from sales to municipal utilities for resale.

Public Acts 1961, No. 604, was a general revenue measure calling for increases in several existing tax levies. Sections 14 and 15 of that act made substantial changes in the tax on gross earnings. The rate

was increased from 1.5 to 4 percent. For the first time, municipal utilities manufacturing, selling or distributing gas or electricity were subjected to the tax. Furthermore, for the first time, gross earnings derived from sales to municipal utilities for resale were made deductible.

The legislature apparently foresaw the necessity of allowing municipal utilities time to adjust themselves to the new tax. Therefore, it made the special provision, hereinabove described, postponing the operation of the changes in the tax. Public Acts 1961, No. 604, § 37 (see General Statutes § 12-268n). The effect of this provision was to apply the altered tax on gross earnings of public service companies to those for the 1961 calendar year and subsequent years but to postpone the operation of the new tax on gross earnings of municipal utilities by making it applicable only to earnings for the 1962 calendar year and subsequent years. It is to be remembered, however, that § 12-265, as amended in 1961, not only fixes the rate of tax for both public service companies and municipal utilities but also provides for deductions from gross earnings, specifically allowing the deduction of earnings from sales to municipal utilities for resale. When the changes in § 12-265 were made "effective as to companies" as to the years ending on and after December 31, 1961, the change allowing public service companies to deduct earnings from sales to municipal utilities for resale became effective as to those years. The provision that the changes in § 12-265 "as to municipal utilities" should be effective only as to years ending on and after December 31, 1962, was inapplicable to the tax on the earnings of public service companies. Therefore, although public service companies, as distinguished from municipal utilities,

are subject to the tax, at its increased rate, for the year ending December 31, 1961, they are entitled, in computing their gross earnings during that year, to deduct the gross earnings from sales to municipal utilities for resale. The question presented in this action should have been answered in the affirmative.

There is error, the judgment is set aside and the case is remanded with direction to render judgment in accordance with this opinion.

In this opinion the other judges concurred.