ALAN AMORE ET AL. *v.* EMIL FRANKEL, COMMISSIONER
OF TRANSPORTATION
(10677)

FOTI, HEIMAN and CRETELLA, Js.

Argued September 30—decision released November 24, 1992

*Robert J. Enright,* for the appellants (plaintiffs).
*Michael J. O'Sullivan,* for the appellee (defendant).

CRETELLA, J. The issue presented in this appeal is whether a complaint that alleges facts sufficient to support a claim under General Statutes § 13a-144[1] eliminates the preclusive effect of sovereign immunity. The plaintiffs appeal from the trial court's dismissal of the action. We reverse the judgment in part and remand the case for further proceedings.

The plaintiffs, Alan and Ellen Amore, filed a two count complaint against Emil Frankel, the state commissioner of transportation. In count one, they claimed that the state owed them a duty to maintain the roads and sidewalks on the Storrs campus of the University

---

[1] General Statutes § 13a-144 provides in pertinent part: "DAMAGES FOR INJURIES SUSTAINED ON STATE HIGHWAYS OR SIDEWALKS. Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair . . . may bring a civil action to recover damages sustained thereby against the commissioner in the superior court."

of Connecticut. The plaintiffs alleged that the state failed to reduce the hazards associated with icy and wet road conditions which ultimately caused the injuries that the named plaintiff sustained in a fall on an icy driveway. In count two, the plaintiffs claimed loss of consortium on behalf of the named plaintiff's wife.

Pursuant to Practice Book §§ 142[2] and 143,[3] the defendant filed a motion to dismiss, asserting that the doctrine of sovereign immunity deprived the court of subject matter jurisdiction. The defendant also filed two supporting affidavits as evidence that the defendant was not responsible for the maintenance of the roads at issue.[4] In light of these affidavits, the trial court found that the road "was outside the scope of the commissioner's duty to maintain or repair pursuant to [General Statutes] section 13b-30 or 13a-144. Hence, the defendant's motion to dismiss [was] granted." The court reasoned that without proof of the defendant's duty, the doctrine of sovereign immunity applied and deprived the court of subject matter jurisdiction. This appeal followed.

---

[2] Practice Book § 142 provides in pertinent part: "MOTION TO DISMISS

"Any defendant, wishing to contest the court's *jurisdiction*, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance. . . ." (Emphasis added.)

[3] Practice Book § 143 provides in pertinent part: "——GROUNDS [FOR A MOTION TO DISMISS]

"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . . This motion shall always be filed with a supporting memorandum of law, and *where appropriate*, with supporting affidavits as to facts not apparent on the record." (Emphasis added.)

[4] One affidavit was a statement given by the director of the physical plant of the University of Connecticut. In this statement, the director claimed that the area in question was within the responsibility of the University of Connecticut physical plant. The other affidavit was given by the special services manager of the bureau of highways of the department of transportation. In this statement, the manager represented that the area was outside the department of transportation's responsibility.

## I

The plaintiffs claim that the trial court improperly granted the defendant's motion to dismiss. Since General Statutes § 13a-144 constitutes a waiver of sovereign immunity and since the complaint contains facts sufficient to state a claim under the statute, the plaintiffs argue that sovereign immunity is not applicable. Thus, immunity is not grounds for dismissal in such cases.

"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) *Gurliacci* v. *Mayer,* 218 Conn. 531, 542, 590 A.2d 914 (1991). "A reviewing court should indulge every presumption in favor of a trial court's subject matter jurisdiction. *Miko* v. *Commission on Human Rights & Opportunities,* 220 Conn. 192, 198, 596 A.2d 396 (1991)." *Ducci Electrical Contractors, Inc.* v. *Department of Transportation,* 28 Conn. App. 175, 180, 611 A.2d 891 (1992). The doctrine of sovereign immunity implicates subject matter jurisdiction and is grounds for granting a motion to dismiss. *Duguay* v. *Hopkins,* 191 Conn. 222, 227, 464 A.2d 45 (1983).

The common law doctrine of sovereign immunity dictates that suits against the state can be maintained only in exceptional circumstances. *Tamm* v. *Burns,* 222 Conn. 280, 283, 610 A.2d 590 (1992). One such circumstance is "where the legislature, by appropriate legislation consents to being sued." *Horton* v. *Meskill,* 172 Conn. 615, 621, 376 A.2d 359 (1977); *Textron, Inc.* v. *Wood,* 167 Conn. 334, 339, 355 A.2d 307 (1974). "The state's sovereign right not to be sued may be waived by the legislature, provided clear intention to that effect is disclosed 'by the use of express terms or by force

of a necessary implication.' " *Duguay* v. *Hopkins,* supra, 228; *Skinner* v. *Angliker,* 15 Conn. App. 297, 300, 544 A.2d 246 (1988).

We analyze the above stated principles in the context of a motion to dismiss. In doing so, our case law exploring the relationship between constitutional claims and sovereign immunity is instructive. When a party sues the state for infringing constitutional rights, our supreme court has held that "[t]o survive a motion to dismiss on the ground of sovereign immunity, a complaint 'must allege sufficient facts to support a finding of a taking of land in a constitutional sense.' " *Tamm* v. *Burns,* supra, 284, quoting *Horak* v. *State,* 171 Conn. 257, 261, 368 A.2d 155 (1976). Thus, in determining the effect of sovereign immunity, the focus is on the adequacy of the complaint. Id. If the complaint alleges facts sufficient to invoke a statutory waiver of immunity, then the trial court cannot properly grant a motion to dismiss solely on the basis of sovereign immunity.

In the case before us we conclude that the trial court improperly dismissed count one of the plaintiffs' complaint. The defendant does not dispute that the plaintiffs' complaint alleged facts that support a cause of action under our state's defective highway statute. It is well established that through this statutory scheme the state has expressly consented to being sued. *White* v. *Burns,* 213 Conn. 307, 312, 567 A.2d 1195 (1990). Therefore, by analogy to the holding in *Horak* v. *State,* supra, count one of the complaint on its face was sufficient to establish subject matter jurisdiction and to withstand the defendant's motion to dismiss. In dismissing the case, the trial court improperly relied on evidentiary matter in the form of the affidavits to invoke the doctrine of sovereign immunity, notwithstanding the fact that the complaint alleged the statutory exception for cases involving highway defects.

The applicable provisions of § 13a-144 did not require construction or analysis beyond the express terms. Section 13a-144 provides in pertinent part that "[a]ny person injured in person or property through the neglect of default of the state or any of its employees by means of any defective highway . . . or sidewalk *which it is the duty of the commissioner of transportation to keep in repair* . . . may bring a civil action . . . ." (Emphasis added.) As it pertains to the plaintiff's case, this language makes abundantly clear that an element of the plaintiffs' case is the existence of a duty to maintain the roadway in question.

The question in this case is not one of statutory interpretation but one of factual application to a clear and unambiguous statutory provision. Specifically, the issue is whether the defendant owed the plaintiffs a duty to maintain the roads and sidewalks upon which the named plaintiff sustained his injuries. The defendant asks that we review the *facts* in a light most favorable to the state. This request, however, squarely conflicts with established precedent requiring courts to indulge every presumption in favor of subject matter jurisdiction. *Gurliacci* v. *Mayer,* supra, 543. In short, the defendant's request for a favorable construction of § 13a-144 is misplaced.

The defendant contends that the affidavits accompanying its motion to dismiss support the court's ruling. We disagree. Practice Book § 143 permits the movant to file affidavits "where appropriate." See footnote 3, supra. "[T]he court may look to their content for determination of the *jurisdictional issue* and need not conclusively presume the validity of the allegations of the complaint." (Emphasis added.) *Barde* v. *Board of Trustees,* 207 Conn. 59, 62, 539 A.2d 1000 (1988).[5]

---

[5] The defendant relies heavily on the decision in *Barde* v. *Board of Trustees,* 207 Conn. 59, 539 A.2d 1000 (1988). In *Barde,* the court held that affidavits supported the preclusive application of sovereign immunity. While

In ruling on a motion to dismiss for lack of jurisdiction, a court should resist deciding the case on the merits. *Gurliacci* v. *Mayer,* supra, 544; *Southport Manor Convalescent Center, Inc.* v. *Foley,* 216 Conn. 11, 16, 578 A.2d 646 (1990). It follows, therefore, that affidavits accompanying a motion to dismiss should pertain only to jurisdictional matters.

In this case, reliance upon the affidavits was inappropriate because they did not directly concern a jurisdictional issue. Instead, they related predominantly to the substantive issue of whether the defendant had a duty to maintain the road. In effect, the defendant argues, on the basis of the affidavits, that sovereign immunity bars suit because the plaintiffs have not offered evidence on a critical element of the statute. This analysis defies logic, however, because it requires the plaintiff to produce evidence regarding the merits of the case prior to even engaging in the discovery process. Such a substantive challenge is both premature and beyond the scope of a motion to dismiss.

The result in this case does not render the affidavit provision of Practice Book § 143 superfluous. Case law demonstrates numerous circumstances where affidavits are appropriate in the context of a motion to dismiss.[6] We merely find that the affidavits at issue were

noting that a trial court must indulge every presumption in favor of the existence of subject matter jurisdiction, our Supreme Court found that the plaintiff's allegations did not support a constitutional claim. "[T]he unilateral expectation of benefits is simply not enough to create a constitutionally protected property interest within the meaning of the fourteenth amendment." Id., 65. Thus, *Barde* is distinguishable because in the present case the plaintiffs' allegations do support a claim under General Statutes § 13a-144 and thus support an exception to the doctrine of sovereign immunity.

[6] See, e.g., *Shortt* v. *New Milford Police Department,* 212 Conn. 294, 298, 562 A.2d 7 (1989) (subject matter jurisdiction; affidavit as evidence that nonmovant failed to exhaust administrative remedies); *Morabito* v. *Wachsman,* 191 Conn. 92, 463 A.2d 593 (1983) (insufficiency of service of pro-

relevant to the *merits* of the case and not to jurisdictional matter. Because a motion to dismiss is not the appropriate procedural device for an attack on the merits, the trial court's reliance on the affidavits was improper.

While we appreciate the defendant's desire to avoid prolonged litigation if at all possible, our holding here is not designed to cause litigation where none may be required. As the plaintiffs argue, the defendant's affidavits may be more appropriately suited to a motion for summary judgment than to a motion to dismiss.

II

Regarding count two of the complaint, claiming loss of consortium, the trial court was without subject matter jurisdiction and properly dismissed this claim albeit for an improper reason. Our review of this aspect of the appeal follows the same analysis as set forth in part I of the opinion.

As previously stated, suits against the state must fall within legislatively created exceptions to the doctrine of sovereign immunity. *Duguay* v. *Hopkins,* supra. Our Supreme Court has recently ruled on the propriety of loss of consortium claims under our highway defect statutes. *Sanzone* v. *Board of Police Commissioners,* 219 Conn. 179, 199, 592 A.2d 912 (1991). In *Sanzone* the court explicitly held that "[s]ection 13a-149[7] does

cess; affidavit refuting existence of service of process); *Gaudio* v. *Gaudio,* 23 Conn. App. 287, 580 A.2d 1212, cert. denied, 217 Conn. 803, 584 A.2d 471 (1990) (personal jurisdiction; affidavit refuting existence of minimum contacts).

[7] The decision in *Sanzone* v. *Board of Police Commissioners,* 219 Conn. 179, 592 A.2d 912 (1991), involved General Statutes § 13a-149, the analogue to General Statutes § 13a-144 for cases involving claims against municipalities. With respect to the relationship between §§ 13a-149 and 13a-144, " 'there is no material difference in the obligation imposed on the state by § 13a-144 and that imposed on municipalities by [General Statutes] § 13a-149.' " *Hall* v. *Burns,* 213 Conn. 446, 477, 559 A.2d 10 (1990), quoting *Donnelly* v. *Ives,* 159 Conn. 163, 167, 268 A.2d 406 (1970).

not permit damages for loss of consortium, but permits recovery only by the injured 'traveler.' " Id. Here, the second count of the complaint set forth a claim that the legislature was unwilling to recognize. As such, the doctrine of sovereign immunity was applicable and deprived the court of subject matter jurisdiction.

The trial court held that the doctrine of sovereign immunity barred the defective highway claim and by necessity the loss of consortium claim. As previously stated, sovereign immunity did not operate to deprive the court of subject matter jurisdiction as to the claim under § 13a-144. We do agree, however, with the trial court's dismissal of the loss of consortium claim. It is axiomatic that " '[t]his court is not required to reverse a ruling of the trial court which reached a correct result, albeit for the wrong reason.' " *New London v. Zoning Board of Appeals,* 29 Conn. App. 402, 409, 615 A.2d 1054 (1992), quoting *Herrmann v. Summer Plaza Corporation,* 201 Conn. 263, 274, 513 A.2d 1211 (1986).

The judgment is reversed in part and the case is remanded with direction to deny the motion to dismiss as to the first count only and for further proceedings.

In this opinion the other judges concurred.