[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 2393
The City of Waterbury has moved to dismiss the plaintiff's appeal from a decision of the Waterbury Retirement Board denying her pension benefits. The claim is that the appeal is untimely, depriving the court of subject matter jurisdiction.
The Board addressed the plaintiff's request for a pension on two separate occasions, July 9 and November 12, 1997. On the first of these it "(did) not approve" her request for pension payments "based on insufficient service time", as reflected in the minutes of that date. The plaintiff was not represented by counsel before the Board. She took no appeal from that decision, which could have been appealed to the Superior Court within 15 days in accordance with Section 2709 of the Waterbury City Charter.
In October the plaintiff, now represented by counsel, requested a reconsideration of the Board's decision of July 9 because her "interests and the evidence were not adequately presented". A hearing was requested "so that we can present evidence which establishes Mrs. Leonardi's entitlement to these benefits". See letter of plaintiff's counsel, dated October 2, 1997, to the Board. This request was placed on the Board's agenda for its November 12 meeting.
The instant appeal is from the Board's action at that meeting, when the minutes reflect that the Board voted to "reject the request of (the plaintiff) for reconsideration for pension benefits". The City argues that the minutes conclusively establish that all the Board did on November 12 was to refuse to reconsider its action of July 9, and that the plaintiff had to have appealed from the earlier decision in order to raise the issues of arbitrariness and illegality she attempts to raise in this appeal. The plaintiff claims that, regardless of how the minutes describe the Board's action of November 12, what really happened was a reconsideration and denial of the plaintiff's request for pension benefits, and that this appeal, filed within 15 days of that decision, is a proper vehicle for raising those claims. She offers her affidavit and that of her counsel before the Board to support that argument.
Section 143 of the Practice Book allows the submission of "affidavits as to facts not apparent on the record" in support CT Page 2394 of an objection to a motion to dismiss, "where appropriate". The Appellate Court has held that "affidavits accompanying a motion to dismiss should pertain only to jurisdictional matters". Amorev. Frankel, 29 Conn. App. 565, 571 (1992). Here, the heart of the matter is the nature of the Board's action of November 12. If it was, in reality, a second chance for the plaintiff to make her case for pension benefits, the present action is a timely appeal from a vote of the Board effectively denying those benefits.
I have read the affidavits submitted by the plaintiff for the limited purpose of determining whether they shed any light on this jurisdictional issue. Each of them recites that the Board entertained argument from the plaintiff's counsel concerning her legal right to pension benefits, as well as equitable considerations favoring an award of such benefits. They further describe a question and answer exchange between the Board on the one hand and the plaintiff and her counsel on the other hand.
My review of the affidavits leads me to conclude that they are properly submitted in support of the plaintiff's objection to the motion to dismiss. Moreover, they demonstrate that the process employed by the Board was the functional equivalent of a reconsideration of its decision of July 9, 1997. It considered legal and equitable arguments and factual representations made in response to questions posed by its members. Thereafter, it voted to reject reconsideration, but the route it took to reach that point indicates that it was effectively denying the plaintiff's request for pension benefits just as it had done on July 7, 1997.
The City submitted no affidavits disputing the contents of plaintiff's affidavits; therefore, I treat the latter as undisputed. In view of their averments I need not and do not treat as conclusive the description in the Board's minutes of its decision of November 12. Cf. Barde v. Board of Trustees ofRegional Community Colleges, 207 Conn. 59, 62 (1988).
Accordingly, I find that the plaintiff's appeal from the Board's decision of November 12 was timely filed and appropriately raises the issues of arbitrariness and illegality in the Board's decision to deny her pension benefits. The defendant's motion to dismiss is denied.
BY THE COURT CT Page 2395
SHORTALL J.