[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
The plaintiff, Michael de Hass, filed a complaint on April 6, 1999, alleging in five counts that he was the victim of sexual orientation discrimination by the defendants, the University of Connecticut, and Thomas C. Pfrommer, Howard S. Cooper, and Irene Quong Conlon in their individual capacities. Specifically, the plaintiff alleges in count one a violation of General Statutes §46a-81f; COMPLAINT, p. 8; and in counts two, three, four and five violations of 42 U.S.C. § 1983. COMPLAINT, pp. 9, 11, 12, 13. On CT Page 11377 May 19, 1999, the defendant filed a motion to dismiss counts two, three and four of the plaintiff's complaint. The defendant alleges that count two must be dismissed for want of subject matter jurisdiction and that counts three and four must be dismissed for insufficiency of service of process.
As required by Practice Book § 10-31, the defendant has filed a memorandum of law in support of its motion to dismiss; dated May 19, 1999 (hereinafter, DEFENDANT'S MEMORANDUM) and the plaintiff has filed a timely memorandum in opposition dated June 23, 1999 (hereinafter, PLAINTIFF'S MEMORANDUM).
 II
"`A motion to dismiss is used to assert jurisdictional flaws that appear on the record or are alleged by the defendant in a supporting affidavit as to facts not apparent on the record.Bradley's Appeal from Probate, 19 Conn. App. 456, 461-62,563 A.2d 1358 (1989); Practice Book § 142 [now 10-30]. A ruling on a motion to dismiss is neither a ruling on the merits of the action; Amore v. Frarikel, 29 Conn. App. 565, 570-71,616 A.2d 1152 (1992), [rev'd on other ground, 228 Conn. 358. 636 A.2d 786
(1994)]; nor a test of whether the complaint states a cause of action. Pratt v. Old Saybrook, 225 Conn. 177, 185, 621 A.2d 1322
(1993); Practice Book § 143 [now § 10-311. Motions to dismiss are granted solely on jurisdictional grounds. Caltabiano v. Phillips,23 Conn. App. 258, 265, 580 A.2d 67 (1990); Practice Book § 143 [now § 10-311. (Internal quotation marks omitted.) DiscoverLeasing, Inc. v. Murphy, 33 Conn. App. 303, 306-07, 635 A.2d 843
(1993)
"`The standard of review of a motion to dismiss is equally well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. Mahoney v. Lensink, 213 Conn. 548, 567,569 A.2d 518 (1990). . . ." Pamela B. v. Ment, 244 Conn. 296,308, 709 A.2d 1089 (1998). Furthermore, lit is the law in our courts, that [a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' (Internal quotation marks omitted.) Id., 309." Villager Pond, Inc. v.Darien, 54 Conn. App. 178, 182-83, ___ A.2d ___ (1999) CT Page 11378
Practice Book § 10-31 sets forth five grounds upon which a motion to dismiss may be granted. Insufficiency of service of process is a ground upon which a motion to dismiss may be granted; Practice Book § 10-31(a)(5); as is lack of subject matter jurisdiction. Practice Book § 10-31(a)(1).
 III
The defendant argues in support of its motion to dismiss counts three and four of the plaintiff's complaint that the court lacks personal jurisdiction over the defendants named in counts three and four because of insufficiency of service of process upon the named defendants. The plaintiff, in his opposition memorandum does not contest this fact. PLAINTIFF'S MEMORANDUM,
P. 1 ("Plaintiff does not contest the portion of Defendant's Motion to Dismiss which deals with inadequate service as to the Third and Fourth Counts."). Thus, the defendant's motion to dismiss counts three and four of the plaintiff's complaint is granted.
The defendant argues in support of its motion to dismiss count two of the plaintiff's complaint that the court lacks jurisdiction over the defendant, the University of Connecticut (the State of Connecticut[1]), because the State of Connecticut is not a "person" under 42 U.S.C. § 1983 and the state has not waived its sovereign immunity and consented to suit.
It is held that the defendant's motion to dismiss count two should be granted for the reasons stated in the defendant's memorandum in support of its motion to dismiss. The state is not a "person" under 42 U.S.C. § 1983, and the state has not waived its sovereign immunity and agreed to be sued pursuant to42 U.S.C. § 1983. Because sovereign immunity implicates subject matter jurisdiction, a motion to dismiss is proper. FederalDeposit Ins. Corp. v. Peabody. N.E., Inc., 239 Conn. 93, 99,680 A.2d 1321 (1996)
In 1989, the United States Supreme Court, concluding that "§ 1983 was [not] intended to disregard the well-established immunity of a state from being sued without its consent," held that "neither a state nor its officials acting in their official capacities are `persons' under § 1983." Will v. Michigan Dep't ofState Police, 491 U.S. 58, 67, 71, 109 S.Ct. 2304,105 L.Ed.2d 45
(1989).[2] The plaintiff, however, claims that the state has CT Page 11379 waived its sovereign immunity with respect to 42 U.S.C. § 1983. In support of this claim, the plaintiff relies on General Statutes § 46a-51 (14) which includes the state in its definition of "person" for purposes of Connecticut's anti-discrimination legislation. More specifically, the plaintiff points out that through General Statutes § 46a-99, the state has waived its sovereign immunity for violations of the state's own sexual orientation discrimination law, General Statutes § 46a-81h
through 46a-810 inclusive. The plaintiff claims that the state's waiver of sovereign immunity for violation of the state's statutes clearly indicates an "explicit intent, at least in the limited setting of sexual orientation discrimination affecting public employment[,]" on the part of the Connecticut legislature to waive the state's sovereign immunity with respect to 42 U.S.C. § 1983. The court rejects the plaintiff's argument.
"That a sovereign state is immune from suit unless it consents to be sued, is the settled law of Connecticut." (Internal quotation marks omitted.) Lacasse v. Burns,214 Conn. 464, 468, 572 A.2d 357 (1990). However, "[t]he state's sovereign right not to be sued may be waived by the legislature, provided clear intention to that effect is disclosed by the use of express terms or by force of a necessary implication." (Internal quotation marks omitted.) Skinner v. Angliker, 15 Conn. App. 297,300, 544 A.2d 246, cert. granted on other grounds, 209 Conn. 807, (1988), aff'd, 211 Conn. 370, 559 A.2d 701 (1989). "In determining the legislative intent of a particular statute, a reviewing court must look at the exact language used and the legislative history which indicates the purpose underlying the enactment of the statute. Connecticut Light Power Co. v.Sullivan, 150 Conn. 578, 581, 192 A.2d 545 (1963); State v. Rado,14 Conn. App. 322, 329, 541 A.2d 124 (1988). [The] job is not to determine the intent of the legislature by what it meant to say, but to determine the intent by what was actually said. If the words of the statute are clear, the duty of a reviewing court is to apply the legislature's directive since where the wording is plain, courts will not speculate as to any supposed intention because the question before a court then is not what the legislature actually intended but what intention it expressed by the words that it used.' Robinson v. Unemployment Security Boardof Review, 181 Conn. 1, 6, 434 A.2d 293 (1980)." P.X. RestaurantInc. v. Windsor, 189 Conn. 153, 159, 454 A.2d 1258 (1983)."Skinner v. Angliker, supra, 301.
General Statutes § 46a-99 states that "[a]ny person, claiming CT Page 11380 to be aggrieved by a violation of any provision of sections46a-70 to 46a-78, inclusive, or sections 46a-82h to 46a-820,inclusive, may petition the Superior Court for appropriate relief and said court shall have the power to grant such relief, by injunction or otherwise, as it deems just and suitable." (Emphasis added.) The statute clearly indicates the intent of the legislature to allow people who assert violations of the aforementioned sections to sue the State of Connecticut directly in Superior Court. What is also clear, is that the statute doesnot state that people who assert violations of 42 U.S.C. § 1983
may also sue the State of Connecticut in Superior Court. As previously mentioned "[w]hen the state waives its sovereign immunity by statute, a party attempting to sue under the legislative exception must come clearly within its provisions." (Internal quotation marks omitted.) Mahoney v. Lensink,17 Conn. App. 130, 136, 55 A.2d 1088 (1988), cert. granted, 210 Conn. 806,554 A.2d 743 (1989), aff'd, 213 Conn. 548, 569 A.2d 518 (1990). General Statutes § 46a-99 simply does not provide for the waiver of sovereign immunity when the statute at issue is 42 U.S.C. § 1983. It is found that "the wording [of the statute] is plain, [thus this court should] not speculate as to any supposed intention because the question before [the] court is not what the legislature [may have] intended but what intention it expressed by the words that it used." (Internal quotation marks omitted.)Skinner v. Angliker, supra, 15 Conn. App. 301.
The plaintiff, however, claims that if the court finds that it is not entitled to monetary relief pursuant to § 1983, the court still should not grant the motion to dismiss, because the plaintiff is entitled to injunctive relief pursuant to § 1983.PLAINTIFF'S MEMORANDUM, pp. 2-3 ("Plaintiff's Second Count clearly states a cause of action upon which some relief may be granted. . . . Should the Court find merit in the State's application of Will, Plaintiff would be happy to remove said paragraphs pursuant to a Request to Revise, or a Motion to Strike. . . . [D]ismissal of the entire count is a wholly inappropriate procedural mechanism for the removal of two isolated paragraphs."). The court is not persuaded.
The plaintiff argues that Will v. Michigan Dep't of Police, supra, 491 U.S. 58, which excludes the state and its officials from the definition of person' in 42 U.S.C. § 1983 for purposes of monetary relief, allows state officials to be sued in their CT Page 11381 official capacity without the consent of the state if the relief sought is injunctive relief. PLAINTIFF'S MEMORANDUM, p. 2, citingWill v. Michigan Dep't of Police, supra 71, n. 10. The United States Supreme Court did state in footnote ten in Will that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State.'" Will v. Michigan Dept. of Police, supra, 71, n. 10. However, the Connecticut Supreme Court has clearly stated that while" [e]xhaustion of administrative remedies is not required before bringing a claim pursuant to42 U.S.C. § 1983. . . . [wlhen the claim is for injunctive relief . . . the fundamental requirement of inadequacy of an available legal remedy in order to obtain injunctive relief remains in full force." Flanagan v. Commission on Human Rights Opportunities, 54 Conn. App. 89, 95, ___ A.2d ___ (1999); Zizkav. Water Pollution Control Auth., 195 Conn. 682, 687,490 A.2d 509 (1985) ("Insofar as the plaintiffs claim that they are entitled to an injunction, their 1983 claim is barred . . . if they had an adequate remedy at law."); Laurel Park. Inc. v. PAC,194 Conn. 677, 691, 485 A.2d 1272 (1984) ("The inadequacy of an available legal remedy is a standard prerequisite for injunctive relief."). It is held that General Statutes § 46a-99, which allows the plaintiff to seek injunctive or other relief as deemed just and suitable by the Superior Court, provides an adequate legal remedy.[3] See Jade Aircraft Sales, Inc. v. Crystal,236 Conn. 701, 705, 674 A.2d 834 (1996), citing Zizka v. WaterPollution Control Auth., supra, 688 (court found that injunctive relief was barred because General Statutes § 7-250 provided the plaintiffs with an adequate legal remedy — a public hearing at which their opposition to the proposed assessment would be heard and with a right of appeal to the Superior Court).
 Conclusion
It is accordingly held that the defendant's Motion to Dismiss counts two, three and four of the plaintiff's complaint should be and is hereby granted.
STENGEL, J.