[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS #106
CT Page 8139
The plaintiff, Linda Carson, is a former employee of the department of children and families (DCF). On August 17, 1999, the plaintiff was terminated from employment. On September 10, 2001, the plaintiff filed a first revised complaint against the defendants, Kristine Ragaglia, commissioner of DCF; Jeannette Perez, principal personnel officer for DCF; and Judith Kallen and Mary Solera, the plaintiff's former supervisors. In count one, the plaintiff alleges a violation of General Statutes § 31-290a.[1] In count two, the plaintiff alleges a violation of General Statutes § 31-51q.[2] Count three alleges a violation of the Americans with Disabilities Act (ADA),42 U.S.C. § 12101 et seq.[3] In counts four and five, the plaintiff alleges intentional and negligent infliction of emotional distress, respectively.[4]
On November 1, 2001, the defendants filed the present motion to dismiss all five counts of the first revised complaint, accompanied by a memorandum of law. They move to dismiss counts one through five on the ground of lack of subject matter jurisdiction, arguing that under the doctrine of sovereign immunity they are protected f rpm suit. The defendants also move to dismiss counts four and five for failure to exhaust administrative remedies.[5] On February 19, 2002, the plaintiff filed an objection to the defendants' motion to dismiss, accompanied by a memorandum of law.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622,624, 461 A.2d 991 (1983). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46
n. 13, 668 A.2d 1314 (1995). Such motion asserts that "the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991).
"[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) Kizis v. Morse Diesel International,Inc., 260 Conn. 46, 51-52, ___ A.2d ___ (2002). "[S]ince the state can act only through its officers and agents a suit against a state officer is in effect one against the sovereign state." (Internal quotation marks omitted.) White v. Burns, 213 Conn. 307, 312, 567 A.2d 1195 (1990). The state, however, may waive suit through a statute, thereby subjecting the state and/or state official to suit. "Sovereign immunity may be waived only through a statute. . . . Any statutory waiver of immunity must be CT Page 8140 narrowly construed. . . . The state's sovereign right not to be sued may be waived by the legislature, provided clear intention to that effect is disclosed by the use of express terms or by force of a necessary implication. . . ." (Citations omitted; internal quotation marks omitted.) Struckman v. Burns, 205 Conn. 542, 558, 534 A.2d 888 (1987).
If, however, sovereign immunity has not been waived by statute, the plaintiff must obtain permission from the claims commissioner to sue the state. General Statutes § 4-160 (a) provides that, "[w]hen the Claims Commissioner deems it just and equitable, he may authorize suit against the state on any claim which, in his opinion, presents an issue of law or fact under which the state, were it a private person, could be liable." "This legislation expressly bars suits upon claims cognizable by the claims commissioner except as he may authorize, an indication of the legislative determination to preserve sovereign immunity as a defense to monetary claims against the state not sanctioned by the commissioner or other statutory provisions." Krozser v. New Haven, 212 Conn. 415, 421,562 A.2d 1080 (1989), cert. denied, 493 U.S. 1036, 110 S.Ct. 757,107 L.Ed.2d 774 (1990).
Additionally, "[s]overeign immunity does not bar suits against state officials acting in excess of their statutory authority or pursuant to an unconstitutional statute. . . ." (Citation omitted; internal quotation marks omitted.) Shay v. Rossi, 253 Conn. 134, 169, 749 A.2d 1147 (2000). "[I]n order to overcome sovereign immunity, the plaintiffs must do more than allege that the defendants' conduct was in excess of their authority; they also must allege or otherwise establish facts that reasonably support those allegations." Id., 174-75.
 I COUNT ONE
In count one, the plaintiff claims that pursuant to General Statutes § 31-290a, she was wrongfully terminated after she filed for and received benefits under the Workers' Compensation Act.[6] The defendants move to dismiss this count, arguing that they are immune from suit because the plaintiff has failed to make a substantial allegation that the defendants acted in excess of their statutory authority, failed to state the specific statutory authority, and failed to allege that the defendants engaged in any wrongful conduct to promote an illegal purpose.
"Where the language of the statute is clear and unambiguous, it is assumed that the words themselves express the intent of the legislature and there is no need for statutory construction or a review of the CT Page 8141 legislative history." (Internal quotation marks omitted.) Haesche v.Kissner, 229 Conn. 213, 223, 640 A.2d 89 (1994). The plaintiff in the present case has filed a workers' compensation claim. General Statutes § 31-290a clearly states that no employer may discharge an employee for filing a workers' compensation claim. Moreover, § 31-275 (10) includes the state within the definition of "employer."[7] Reading both sections together, therefore, it is clear that the legislature intended that the state not be immune from a § 31-290a claim.
The defendants argue that the court also lacks subject matter jurisdiction over this count and the remaining four counts against the defendants in their individual capacities. The defendants claim that they are immune from suit, pursuant to General Statutes § 4-165.[8] This statute relates to state officials' personal liability; in this case, however, as evidenced by the summons and complaint, the plaintiff is merely suing the defendants in their official capacities. The summons names each of the defendants, followed by "State of Conn., Dept of Children and Families." "[T]he identities of the parties are determined by their description in the summons." Hultman v. Blumenthal,67 Conn. App. 613, 620, 787 A.2d 666, cert. denied, 259 Conn. 929
(2002), citing General Statutes § 52-45a; Practice Book § 8-1
(a). The complaint describes the defendants as the commissioner, principal personnel officer, and supervisors. Moreover, the factual scenario satisfies the four-part test for determining that the defendants are being sued in their official capacities. The four criteria are: "(1) a state official has been sued; (2) the suit concerns some matter in which that official represents the state; (3) the state is the real party against whom relief is sought; and (4) the judgment, though nominally against the official, will operate to control the activities of the state or subject it to liability." (Internal quotation marks omitted.) Hultmanv. Blumenthal, supra, 67 Conn. App. 621. In the present case, the defendants are state officials, and their actions involve actions made while representing the state. The liability for damages sought is that of the state, and any judgment against the defendants would control the activities of the state, that is, DCF's relations with its employees.
Accordingly, based on the foregoing, the defendants' motion to dismiss count one is denied.
 II COUNT TWO
In count two, the plaintiff alleges that after she critically addressed workplace conditions, her supervisors subjected her to harassment, refused to grant her reasonable accommodations as they related to her CT Page 8142 physical restrictions and terminated her employment.[9] The plaintiff claims that the defendants' conduct was retaliatory and violated her rights to constitutionally protected free speech pursuant to General Statutes § 31-51q. The defendants move to dismiss this count, arguing that they are immune from suit because the plaintiff has failed to make a substantial allegation that the defendants acted in excess of their statutory authority, failed to state the specific statutory authority, and failed to allege that the defendants engaged in any wrongful conduct to promote an illegal purpose.
"[I]t is abundantly clear that General Statutes 31-51q does waive the sovereign immunity by its expressed terms. The legislature, in clear and unambiguous language, put the state in the same status of an employer in the first sentence of the law by stating: `Any employer, including thestate and any instrumentality or political subdivision thereof. . . .' Moreover, the defense of sovereign immunity is not a defense to an alleged violation of constitutional rights." (Emphasis in original.)Skinner v. Angliker, 15 Conn. App. 297, 301, 544 A.2d 256 (1988). Here, the plaintiff has alleged a violation of § 31-51q. This provision constitutes a statutory waiver of the state's sovereign immunity. Accordingly, the defendants' motion to dismiss count two is denied.
 III COUNT THREE
In count three, the plaintiff claims that the defendants' actions of terminating her employment, subjecting her to harassment, and refusing to grant her reasonable accommodations despite her physical disabilities violated the ADA.[10] In the defendants' motion to dismiss, they argue that the plaintiff's claim is barred from suit by the eleventh amendment of the United States constitution.[11]
The United States Supreme Court has stated that, "[a]lthough by its terms the [eleventh] Amendment applies only to suits against a State by citizens of another State, our cases have extended the Amendment's applicability to suits by citizens against their own States." Board ofTrustees, University of Alabama v. Garrett, 531 U.S. 356, 363,121 S.Ct. 955,148 L.Ed.2d 866 (2001). In Garrett, the United States Supreme Court held that the eleventh amendment bars state employees from recovering money damages in federal court against state employers for violation of Title I of the ADA.[12] Id., 360. In Williamson v. Georgia Dept. ofHuman Resources, 150 F. Sup.2d 1375, 1382 (S.D. Ga. 2001), however, a case which was decided after Garrett, the court stated that as a federal court, it did not have the authority to determine whether state courts have jurisdiction over certain federal claims, including the ADA. It CT Page 8143 remanded the case to the state court, declaring that: "A state court possibly could hear this case, but that question is left to its discretion." Id.
In this case, the Connecticut counterpart to the ADA does not statutorily waive sovereign immunity. See General Statutes § 46a-7 et seq. Moreover, the plaintiff did not file her ADA claim with the claims commissioner. "The claims commissioner . . . may waive [sovereign] immunity, pursuant to General Statutes § 4-160 (a), and consent to suit. Until that happens, however, the Superior Court has no jurisdiction to hear any such monetary claim." Krozser v. New Haven, supra,212 Conn. 423. The defendants' motion to dismiss count three is, therefore, granted.
 IV COUNTS FOUR AND FIVE
In count four, the plaintiff alleges that the defendants' actions of terminating her employment and failing to accommodate her physical disabilities were intentional, extreme, and outrageous, and caused her to suffer severe and extreme emotional distress. In count five, the plaintiff alleges that the defendants' actions were negligent and careless and caused her to suffer severe and extreme emotional distress. In their motion to dismiss, the defendants argue that the plaintiffs' claims are barred by the doctrine of sovereign immunity because she failed to make a substantial allegation that the defendants acted in excess of their statutory authority, failed to state the specific statutory authority and failed to allege that the defendants engaged in any wrongful conduct to promote an illegal purpose. They also argue that the plaintiff has failed to exhaust her administrative remedies because she did not file a claim with the claims commissioner.
"When sovereign immunity has not been waived, the claims commissioner is authorized by statute to hear monetary claims against the state and determine whether the claimant has a cognizable claim . . . The claims commissioner, if he deems it just and equitable, may sanction suit against the state on any claim which, in his opinion, presents an issue of law or fact under which the state, were it a private person, could be liable . . . This legislation expressly bars suits upon claims cognizable by the claims commissioner except as he may authorize, an indication of the legislative determination to preserve sovereign immunity as a defense to monetary claims against the state not sanctioned by the commissioner or other statutory provisions. . . ." (Citations omitted; internal quotation marks omitted.) Krozser v. New Haven, supra, 212 Conn. 421. CT Page 8144
Here, the plaintiff did not file a claim with the claims commissioner. Moreover, the plaintiff did not sufficiently allege that the defendants acted outside their statutory authority, nor did the plaintiff allege the specific statutory authority. See Shay v. Rossi, supra, 253 Conn. 174-75. Finally, the legislature did not statutorily waive the state's sovereign immunity as to claims for intentional and negligent infliction of emotional distress. See Struckman v. Burns, supra, 205 Conn. 558. Accordingly, the defendants' motion to dismiss counts four and five is granted.
For the foregoing reasons, the court denies the motion to dismiss counts one and two because the court has subject matter jurisdiction to hear these claims. Further, the court grants the motion to dismiss counts three, four and five for lack of subject matter jurisdiction.
The Court
 By ___________________ Moran, J.