MARY J. JANELLO *v*. ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 114684
                   AT BRIDGEPORT

Memorandum filed December 30, 1961

*Kenneth Janello,* of Bridgeport, for the plaintiff.

*Albert L. Coles,* attorney general, and *Harry Silverstone,* assistant attorney general, for the Administrator, Unemployment Compensation Act.

TROLAND, J. The claimant, Mary Jane Janello, was an employee of Spear Products, in Bridgeport. Prior to March 10, 1961, she lost several days from work. She indicated to her supervisor that she thought she was pregnant. She was pregnant. The anticipated date of claimant's confinement was October 27, 1961. On March 10, 1961, her employer terminated her job as a billing clerk because the

employer knew it would have to replace this pregnant employee eventually and it preferred to train a replacement earlier in the year rather than later in the year, when the busy season would occur. Claimant filed her claim for unemployment benefits as of March 12, 1961. On April 4, 1961, the administrator disapproved her claim because administrator found the claimant's unemployment was due to pregnancy. Claimant appealed to the unemployment commissioner for the fourth congressional district, who on August 29, 1961, on the facts found by him as stated above, held that claimant's separation and subsequent unemployment were due to pregnancy and that therefore claimant was ineligible for benefits, and the decision of the administrator was affirmed. The claimant has appealed to this court, alleging that the commissioner erred and mistook the law in finding and deciding that claimant is ineligible to receive unemployment benefits.

There has been no motion for the correction of the finding of facts by the commissioner, and therefore this court can make no correction. The court notes, however, that there is no finding of lack of work or of the inability of the claimant at the time of separation to work.

In deciding this case, we are concerned with § 31-236(5) of the General Statutes, which in part provides: "[An individual shall be ineligible for benefits] . . . if it is found by the administrator that total or partial unemployment is due to pregnancy, provided, in any event, no woman shall be eligible to receive benefits within two months before childbirth . . . ." It should be noted that the statute provides a positive prohibition against the payment of unemployment compensation benefits in two situations: First, from the commencement of her unemployment and for the duration of her pregnancy, to a pregnant woman whose unemployment

is due to pregnancy; and second, from the commencement of the eighth month and during the last two months of her pregnancy, to any pregnant woman, "in any event." So construed, it becomes necessary to distinguish between two classes of pregnant claimants, first, one who becomes unemployed because she was pregnant; that is to say, one who but for her pregnancy would not have become unemployed, and second, one who becomes unemployed for some reason other than because she was pregnant. The first class is disqualified from the beginning; the second class is disqualified during the last two months of pregnancy only.

On the facts found, this claimant was not laid off for lack of work. She was laid off by the employer in the exercise of its right of management to determine how and by whom its work was to be accomplished. The availability of the claimant as an employee had become uncertain and indefinite. Depending on her physical condition, she might have been compelled or might have chosen to terminate her employment at an early date. Her employer, because of this condition and situation, determined that it was to its interest to end the uncertainty, on March 10, 1961, and to train the replacement of its pregnant employee before its busy season began. There is no finding that this action was not in good faith. It appears based on valid economic considerations. A pregnant woman, although not ill in the ordinary sense of the word and not physically unable to work, is in a distinct category of workers. Her condition generally requires that she be treated with greater care than the ordinary employee. Her dependability as to attendance on the job generally may be doubtful. Her ability to work is always temporary, for the reason that it will terminate on a predetermined date, unlike the ordinary employee's ability to work.

On the facts as found by the commissioner, he determined that claimant's separation and subsequent unemployment were due to pregnancy. This conclusion is supported by the facts found, and under the law the commissioner was correct in denying unemployment benefits to the claimant.

Judgment may enter dismissing the appeal.