STATE OF CONNECTICUT *v.* THOMAS PIERRO
(11777)

PETERS, HEALEY, PARSKEY, SHEA and BIELUCH, Js.

Argued November 4, 1983—decision released January 24, 1984

*Joseph M. Wicklow III,* with whom were *John H. Peck, Jr.,* and, on the brief, *Anthony J. Lasala, Gregory P. Kinsella* and *Michael Sullivan,* law student intern, for the appellant (defendant).

*Donald A. Browne,* state's attorney, for the appellee (state).

SHEA, J. After a jury trial the defendant was acquitted of the crime of bribery of a witness in violation of General Statutes § 53a-149 (a).[1] After this verdict the defendant filed a motion[2] for the return of $20,000 which the state in the criminal action had claimed to constitute the bribe. After an evidentiary hearing on the motion, the court found that the defendant had delivered this money to a Stamford police officer in order to influence his testimony at the trial of a criminal

---

[1] General Statutes § 53a-149 (a) provides as follows: "A person is guilty of bribery of a witness if he offers, confers or agrees to confer upon a witness any benefit to influence the testimony or conduct of such witness in, or in relation to, an official proceeding."

[2] The defendant filed his first motion for return of property on October 28, 1980, and this resulted in an order, *McGrath, J.,* that the money be held by an escrow agent in an interest bearing certificate of deposit and a direction that counsel should "proceed civilly in the prosecution of this motion." A second motion was filed on June 9, 1982, seeking return of the money to the defendant as the rightful owner pursuant to General Statutes § 54-36a (c). This motion was filed after the court on the same date, *Ment, J.,* suo motu had ordered that the funds be returned to the rightful owner. It was this second motion upon which the court, *Callahan, J.,* acted in rendering the judgment which has been appealed. The defendant claims that the order to return the property to the rightful owner could have been entered only after a determination by the court that the property was neither a nuisance, contraband, a controlled substance, nor subject to forfeiture. See General Statutes § 54-36a (c). The failure of the defendant to file the

prosecution of the defendant and Stephen M. Cosgrove for possession of marijuana with intent to sell. See *State v. Cosgrove,* 181 Conn. 562, 436 A.2d 33 (1980). The defendant's motion was denied and the court ordered a forfeiture of the money to the state. In his appeal from that judgment the defendant claims error in the denial of his motion for return of the money to him as its rightful owner and in forfeiting it to the state. The principal issue raised is whether money which the trial court has found to have been paid as a bribe to a police officer by a defendant must be returned to him as the owner following his acquittal of the bribery charge. We do not reach this issue because of our conclusion that the statutes relied upon by the defendant in seeking return of the money and by the court in forfeiting it to the state were inapplicable under the circumstances.

At the hearing upon the motion for return of property, officer Joseph Pucci of the Stamford police department testified that on October 5, 1978, at the courthouse in Bridgeport, where he was to testify at the trial of the marijuana charge against the defendant, he was offered $20,000 by the defendant if he would not testify against him. As they had agreed, Pucci met the defendant that evening at a restaurant in Stamford. The defendant said he had the money. They went outside to the parking lot where the defendant produced and handed to Pucci a plastic bag he was carrying which contained $20,000. After he had possession of the money, Pucci recited a prearranged signal, "[l]et me count the money," into a microphone hidden on his per-

transcript of the proceedings before Judge Ment on June 9, 1982, when the order of return was entered, makes it impossible for us to ascertain the significance of that order. See Practice Book §§ 3012 (c), 3018 (a). At the subsequent hearing on the defendant's second motion, however, Judge Callahan was not bound by the prior ruling in determining the issues before him. *Breen* v. *Phelps,* 186 Conn. 86, 98–100, 439 A.2d 1066 (1982). In any event, our disposition of this appeal renders moot the question raised by the defendant of the scope of Judge Ment's order.

son and several other police officers in the area converged upon the defendant and arrested him. Pucci later turned over the money he had received to an inspector working for the office of the state's attorney.

The defendant testified that he owned the $20,000 which he had in his possession at the restaurant parking lot and that Pucci had taken it from him. He invoked his privilege against self-incrimination when cross-examined about the circumstances of the transaction.

The court concluded that the defendant, prior to his arrest, had handed the money to officer Pucci as a bribe to influence his testimony. The defendant does not challenge that finding as unsupported by the evidence, but maintains that such a result is precluded by his acquittal of the criminal charge which was based upon the same occurrence. He relies principally upon *Coffey* v. *United States,* 116 U.S. 436, 6 S. Ct. 437, 29 L. Ed. 684 (1886), which held that an acquittal in the criminal prosecution barred a subsequent forfeiture action involving the very same issues which had once been resolved against the government.

The defendant claims that the forfeiture ordered by the trial court had no other purpose than to impose a punishment upon him for the same actions which were the basis for the criminal charge of which he was acquitted. It is inappropriate for us to resolve that claim on this occasion, however, because we are convinced that the court had no jurisdiction to order the forfeiture.

It cannot be disputed that the statutes relied upon as authority for the forfeiture apply only to property which has been "seized" and not to that which has come into the possession of the state in some other manner.

The trial court cited General Statutes § 54-36a (c),[3] which pertains only to "seized property," as authority for the forfeiture which it ordered. The reference to "seized property" in § 54-36a (c) relates to "property . . . seized in connection with a criminal arrest or seized pursuant to a search warrant without an arrest," as stated in General Statutes § 54-36a (b).[4] In

---

[3] "[General Statutes] Sec. 54-36a. . . . (c) Unless such seized property is stolen property and is ordered returned pursuant to subsection (b) of this section or unless such seized property is adjudicated a nuisance in accordance with section 54-33g, or unless the court finds that such property shall be forfeited or is contraband or a controlled substance as defined in subdivision (9) of section 21a-240, it shall, at the final disposition of the criminal action or as soon thereafter as is practical, or, if there is no criminal action, at any time upon motion of the prosecuting official of such court, order the return of such property to its owner within six months upon proper claim therefore."

[4] "[General Statutes] Sec. 54-36a. . . . (b) Whenever property is seized in connection with a criminal arrest or seized pursuant to a search warrant without an arrest, the law enforcement agency seizing such property shall file, on forms provided for this purpose by the office of the chief court administrator, an inventory of the property seized. The inventory, together with the uniform arrest report, in the case of an arrest, shall be filed with the clerk of the court for the geographical area in which the criminal offense is alleged to have been committed; except, when the property is stolen property and, in the opinion of the law enforcement officer, does not exceed fifty dollars in value, the filing of an inventory shall not be required and such property may be returned to the owner. In the case of property seized in connection with a search warrant without an arrest, the inventory shall be attached to the warrant and shall be filed with the clerk of the court for the geographical area in which the search warrant was issued. If the seized property is stolen property, within ten days of the seizure, the law enforcement agency seizing the property shall notify the owner of the property if known, or, if the owner of the property is unknown at the time of seizure, such agency shall within ten days of any subsequent ascertainment of the owner notify such owner, and, on a form prescribed by the office of the chief court administrator, advise the owner of his rights concerning the property and the location of the property. Such written notice shall include a request form for the return of the property. The owner may request the return of the property by filing such request form with such law enforcement agency, and upon receipt of such request, the law enforcement agency shall forward it to the clerk of the court for the geographical area in which the criminal offense is alleged to have been committed. The clerk of the court shall notify the defendant or defendants of the request to return the property. The court shall order the return of the property within thirty

the case before us the finding that the defendant voluntarily handed the $20,000 to officer Pucci prior to his arrest precludes the assumption made by the court that the money was "seized property" to which § 54-36a (c) would apply. Once the defendant delivered the funds, he relinquished both title and possession, which passed to the state through Pucci as its agent. *State* v. *Strickland,* 42 Md. App. 357, 362, 400 A.2d 451 (1979). The order of forfeiture was not only unauthorized,[5] therefore; it was also unnecessary for the purpose of effectuating a transfer of the property to the state, which already had acquired title.[6]

Our conclusion that the $20,000 was not "seized property" indicates that the defendant's reliance upon § 54-36a (c) in his motion to return the money to him

days of the date of filing such return request by the owner, except that for good cause shown, the court may order retention of the property for a period to be determined by the court. Any secondary evidence of the identity, description or value of such property shall be admissible in evidence against such defendant in the trial of such case. The fact that the evidence is secondary in nature may be shown to affect the weight of such evidence, but not to affect its admissibility. If any criminal proceeding is transferred to another court location, then the clerk with whom the inventory is filed shall transfer such inventory to the clerk of the court location to which such action is transferred."

[5] The defendant has raised a further claim that the forfeiture was erroneous because the state's attorney never instituted an in rem action for adjudication of the property as a nuisance in accordance with General Statutes § 54-33g. Although § 54-33g relates only to property which has been seized pursuant to a search warrant issued under General Statutes § 54-33a (b) (1), a similar procedure of serving notice upon all those having an interest in the property must also be followed as a prerequisite to any valid forfeiture proceeding. *Roundhouse Construction Corporation* v. *Telesco Masons Supplies Co.,* 168 Conn. 371, 376–77, 362 A.2d 778, vacated, 423 U.S. 809, 96 S. Ct. 20, 46 L. Ed. 2d 29 (1975), on remand, 170 Conn. 155, 365 A.2d 393, cert. denied, 429 U.S. 889, 97 S. Ct. 246, 50 L. Ed. 2d 172 (1976). Since we have concluded that forfeiture was inappropriate under the circumstances of this case, we need not consider this issue further.

[6] The money claimed by the defendant is presently held by an escrow agent pursuant to a court order. Our conclusion that the state has title to the funds is authority for delivery of the amount held in escrow to the state.

as its owner was misplaced. Rather than deny the motion, however, the court should have dismissed it.

The defendant is in the same position as any other person who claims to have been damaged by some action of the state or its agents. Unless a particular statute can be found waiving the state's sovereign immunity, his only recourse is to the claims commission. General Statutes § 4-142; *Sullivan* v. *State,* 189 Conn. 550, 553, 457 A.2d 304 (1983); see *Hirschfeld* v. *Commission on Claims,* 172 Conn. 603, 607–608, 376 A.2d 71 (1977).

There is error, the judgment is set aside and the case is remanded to the trial court to dismiss the defendant's motion for return of property.

In this opinion the other judges concurred.