[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a statutory appeal by Stephen Lehoux concerning unemployment compensation. The Administrator approved the plaintiff's claim for benefits and mailed a notice of potential liability to the employer on July 21, 1995. Conn. Gen. Stat. § 31-241. On July 26, 1995, the employer appealed the decision to an Appeals Referee. Id. On August 25, 1995, the Referee reversed the Administrator's decision, finding the claimant was discharged for repeated wilful misconduct. Conn. Gen. Stat. § 31-242. On September 15, 1995, the claimant appealed the Referee's decision. Conn. Gen. Stat. § 31-248. On November 13, 1995, the Board affirmed the Referee's decision and adopted the findings of fact. Conn. Gen. Stat. § 31-249j. On December 12, 1995, the claimant appealed this case to Superior Court. Conn. Gen. Stat. § 31-249b.
The Superior Court in hearing an unemployment compensation appeal does not hear the case de novo. The function of the court is to sit as an appellate court in reviewing the record certified to it by the Board of Review. United Parcel Service. Inc. v.Administrator, 209 Conn. 381, 385, 551 A.2d 724 (1988);Finkenstein v. Administrator, 192 Conn. 103, 112, 470 A.2d 1196
(1984). The court does not retry the facts or hear evidence.United Parcel Service, 209 Conn. at 385. The court is bound by the findings of subordinate fact and the reasonable factual conclusion of the Board. Finkenstein, 192 Conn. at 112-113;Robinson v. Unemployment Security Board of Review, 181 Conn. 1,4, 434 A.2d 393 (1980); Guevara v. Administrator, 172 Conn. 492. 495, 379 A.2d 1101 (1977). The court's role is to determine whether the board's decision is arbitrary, unreasonable or illegal. Id. The board's decision must stand if it results from a correct application of the law to the findings of fact and could CT Page 4034-JJ reasonably follow from those findings. Finkenstein,192 Conn. at 113; Robinson, 181 Conn. at 5. The court may not substitute its conclusions for those of the Board. Johnson v. Administrator,3 Conn. App. 264, 267, 487 A.2d 565 (1985); Petela v.Administrator, 33 Conn. Sup. 119, 121, 365 A.2d 635 (1974). Additionally, it is solely the function of the agency to weigh the evidence and assess the credibility of the witnesses. Conn. Prac. Book § 519(a). The court's jurisdiction is particularly limited when, as here, a motion to correct the findings is not filed. Petela, 33 Conn. Sup. at 121. The court cannot change the findings of fact of the board of review in the absence of a filing of a motion to correct the findings as required by Conn. Prac. Bk. § 515A. Janello v. Administrator,23 Conn. Sup. 155-56, 178 A.2d 282 (1961). The issue on appeal is whether the board of review's decision that the claimant had been discharged for repeated wilful misconduct was unreasonable, arbitrary or illegal. Conn. Gen. Stat. § 31-236 (a) provides in relevant part:
 An individual shall be ineligible for benefits . . . (2)(B) if, in the opinion of the administrator, he has been discharged . . . for . . . repeated wilful misconduct in the course of his employment . . . until such individual has earned at least ten times his benefit rate. . . . For purposes of subparagraph (B) of subdivision (2) of this subsection, instances of wilful misconduct in the course of an individual's employment shall only be considered to be "repeated" when they occur within one year of each other, "wilful misconduct" means an intentional violation of a duty or obligation reasonably owed by the employee to the employer as a condition of his employment.
The Referee's findings of fact, adopted by the board of review, indicate the following. The claimant was employed full time as a machine operator by Goodwin Insulation Distributors for approximately 7 years. Referee's Findings of Fact (hereinafter "F/F"), dated August 25, 1995, #2. The claimant was discharged on July 5, 1995 for absence from work without notice. F/F #3. The claimant's last day worked was June 30, 1995, at which time he was given specific instructions by his operations manager to remain on the job until a specific order was completed. F/F #4. The claimant left work without completing the job around 2:30 p.m. despite the specific instructions. F/F #5. When the operations manager returned from lunch and saw that the claimant had left work without finishing the job, he called him to see if CT Page 4034-KK the claimant intended to return on Saturday to finish the job. F/F #6. The operations manager spoke with the claimant's wife, but received no reply from the claimant. F/F #7. The claimant was not scheduled to work again until July 5, 1995. F/F #8. The claimant did not report to work that day, nor did he notify the employer of the reason. Although the claimant asked a co-employer to inform the employer of his absence, the co-worker forgot to do so. F/F #9. The claimant was awake and out of bed when he advised the co-worker that he would not be reporting to work. F/F #10. The claimant offered no reasonable explanation as to why he did not make the call himself despite the fact that he was out of bed. F/F #11. Prior to the final incidents, the claimant was absent from work without notice on May 27, 1995. The claimant was scheduled to work on that date with an individual on light duty, but the claimant failed to report for work, or advise the employer of the reason. F/F #14. The claimant has not demonstrated good cause for failing to appear at work on May 27, 1995. F/F/d #15.
The findings also indicate that the final incident which precipitated the claimant's discharge occurred on July 5, 1995, when the claimant failed to report to work because he was ill. Although being sick may be good cause for not going to work, the claimant did not properly notify the employer of his absence prior to the start of his shift as required by the employer. By relying on a co-worker to inform his employer, the claimant ran the risk of the co-worker not reporting the information in a timely fashion.
The Referee found that the claimant failed without justification to take steps reasonably necessary to notify his employer prior to the start of his shift. 10 Regs., Conn. State Agencies, Labor § 31-237, and that this failure was done deliberately or with reckless indifference for the probable consequences of such lack of notice. In addition, the claimant, by his actions, intended the lack of a timely notice to have a detrimental effect on his employer or evinced a reckless disregard of a substantial employer interest, i.e. the employer's business could not be fully staffed for a period of time. "`Wilful misconduct' refers to conduct evincing a wilful disregard of an employer's interest such as deliberate violations of the employer's procedures or a disregard of expected standards of behavior." Todd v. Administrator, 5 Conn. App. 309, 312,497 A.2d 1035 (1985); citing Hannon v. Administrator, 29 Conn. Sup. 14,17, 269 A.2d 80 (1970). See also Lazarcheck v. Administrator,
CT Page 4034-LL1 Conn. App. 591, 595, 474 A.2d 465 (1984). The final act was not only wilful misconduct in and of itself, but also part of a pattern of wilful misconduct involving absences without prior notification.[1] See UPS, 209 Conn. 381.
There must be at least one prior act within the year immediately preceding the act precipitating discharge. Conn. Gen. Stat. § 31-236 (a); 10 Regs., Conn. State. Agencies, Labor, § 31-236-26 (b). The Board concluded that the incident on June 30, 1995 also constituted wilful misconduct. The claimant did not complete a job before he left that day even though he had specific orders to do so from the operations manager. The employer called and left a message with the claimant's wife for him to get back to him about completing the assignment over the weekend. The claimant did not return the phone call and the operations manager had to work over the holiday weekend himself to complete the task. The Board found there was no evidence which undermined the Referee's credibility determination as to the facts underlying the June 30 incident. Such failure to complete a task as directed and failure to contact the employer about such clearly indicates an act intentionally, or deliberately done or done with reckless indifference for the probable consequences. The claimant intended the failure to complete the job to have a detrimental effect on his employer or evinced a reckless disregard of his employer's interest. 10 Regs., Conn. State Agencies, Labor § 31-236-26 (a)(1, 2). Specifically, the employer would have to find someone to finish the job without notice on a holiday weekend in order to meet a deadline. These two incidents alone are sufficient to justify the Board's conclusion that the claimant was discharged for repeated wilful misconduct. However, other incidents did exist which the Referee described in his decision. By affirming the Referee's decision, the Board has indicated its approval and adoption of those incidents as support for a conclusion of a discharge for repeated wilful misconduct as well.
The claimant contends that the Board of Review did not consider whether or not a warning was issued to the claimant about his absence without notice, and that such lack of consideration creates reversible error. First, no warning is necessary to find that repeated wilful misconduct exists. Todd,5 Conn. App. at 313; 10 Regs., Conn. State Agencies, Labor §31-236d(e). However, the Referee[2] found as a fact that a verbal warning was issued in regard to the claimant's absence without notice on May 27, 1995. Ref.'s F/F? #14. The Board of CT Page 4034-MM Review adopted this finding of fact as its own. Board Decision, dated November 13, 1995, p. 3. The underlying facts are binding on the court. UPS, 209 Conn. at 385; Finkenstein, 192 Conn. at 112-113. The regulations, § 31-236-261(c), directs the agency to consider prior warnings that relate to the same or similar conduct. Since the May 27th incident also involved an absence without notice, it is a similar matter.
The claimant next argues that the Referee ignored documentary evidence, in the form of Administrator's notices, indicating that the claimant's discharge occurred on June 30 rather than on July 5. The administrator's records are considered as evidence before the Referee. 10 Regs., Conn. State. Agencies, Labor, § 31-237g-30
(d)(6) and § 31-237g-30 (e). Accordingly, the Referee did consider these documents. However, the Referee is not bound by the previous decisions of the Administrator and makes his own findings of fact. 10 Regs., Conn. State. Agencies, Labor §31-237g-30 (a).
The thrust of the claimant's arguments all take issue with the findings of the Referee. However, in the absence of a filing of a motion to correct the findings of fact in accordance with Conn. Parc. Book § 515A, the court cannot review the findings for corrections or additions. Petela, 33 Conn. Sup. at 121;Janello, 23 Conn. Sup. 155-56.
With regard to the Boards' lack of consideration of the claimant's personnel file, the claimant could have asked the Referee for a continuance for the purpose of obtaining the personnel file. 10 Regs., Conn. State. Agencies, § 31-237g-30
(h and j). In addition the claimant could have asked the Referee to subpoena the sought after documents. Conn. Gen. Stat. §31-245. More significantly, it is noted that the personnel file would not necessarily reflect the verbal warning, since it was done orally and not in writing. Accordingly, there would be no benefit to have the Board consider the personnel file. The scope of this appeal is limited to whether the Board of Review's decision was unreasonable, arbitrary or illegal and does not include addressing the claim that the employer violated Conn. Gen. Stat. § 31-128g.
The courts have given deference to the decisions of those who are charged with the administration of the unemployment compensation system. Fellin v. Administration, 196 Conn. 440,447, 493 A.2d 174 (1985). The Board rendered a decision in which CT Page 4034-NN the law was properly applied to the facts, and the decision reasonably flows therefrom. The decision denying benefits was not unreasonable, arbitrary or illegal and therefore the appeal is dismissed.
PICKETT, J.