[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
On March 6, 1998, the plaintiff, Rusk Masih, filed a four count complaint against the defendants, the University of Connecticut (UConn) and Hal Brody (Brody), Dean of the School of Engineering, alleging: (1) employment discrimination against UConn and Brody; (2) breach of contract against UConn; (3) breach of the covenant of good faith and fair dealing against UConn; and (4) defamation against UConn and Brody. On April 27, 1998, the defendant filed a motion to dismiss the plaintiffs complaint, CT Page 1923 with a supporting memorandum of law, on the ground that the claims are barred by the doctrine of sovereign immunity. On May 6, 1998, the plaintiff filed a memorandum in opposition to the defendant's motion to dismiss.
 DISCUSSION
Practice Book § 143, now Practice Book (1998 Rev.) §10-31, provides in relevant part that "[t]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13,668 A.2d 1314 (1995). "Jurisdiction of the subject matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy." Figueroa v.CS Ball Bearing, 237 Conn. 1, 4, 675 A.2d 845 (1996). "Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) Woodward v.Woodward, 44 Conn. App. 99, 102, 683 A.2d 1021 (1992). "The doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." Federal Deposit Ins. Co. v. Peabody N.E., Inc.,239 Conn. 93. 99, 680 A.2d 321 (1996).
The doctrine of sovereign immunity is a "well settled principle that the sovereign [the state] is immune from suit unless the state, by appropriate legislation, consents to be sued. Federal Deposit Ins. Co. v. Peabody N.E., Inc., supra,239 Conn. 101. "The common law doctrine of sovereign immunity dictates that suits against the state can be maintained only in exceptional circumstances . . . One such circumstance is where the legislature, by appropriate legislation consents to being sued . . . The state's sovereign right not to be sued may be waived by the legislature, provided clear intention to that effect is disclosed by the use of express terms or by force of a necessary implication." (Citations omitted; internal quotation marks omitted.) Amore v. Frankel, 29 Conn. App. 565, 568.616 A.2d 1152 (1992). "[I]n determining the effect of sovereign immunity, the focus is on the adequacy of the complaint . . . If the complaint alleges facts sufficient to invoke a statutory waiver of immunity, then the trial court cannot properly grant a motion to dismiss solely on the basis of sovereign immunity." (Citation omitted.) Id., 569. "The question . . . is not one of statutory CT Page 1924 interpretation but one of factual application to a clear and unambiguous statutory provision." Id., 570.
 I. Count One — Employment Discrimination as to UConn
The defendant argues that the claim of employment discrimination against UConn, an agency of the state, is effectively a claim against the state, and, therefore, is barred pursuant to the doctrine of sovereign immunity, which holds that a state cannot be sued without its consent. The defendant claims that the state has not consented to this suit. The defendant argues that General Statutes 46a-71, as referenced in the plaintiffs complaint and which allows petition directly to the Superior Court pursuant to General Statutes § 46a-99, is not applicable to claims of on-the-job employment discrimination. The defendant further argues that the plaintiffs allegations constitute an employment discrimination claim pursuant to General Statutes § 46a-60, which requires that an administrative remedy must first be sought with the commission on human rights and opportunities (CHRO).
The defendant's argument, however, confuses § 46a-60, which applies to private employees, with § 46a-70, which applies to state employees. Although the complaint does mistakenly refer to § 46a-71, the plaintiff acknowledges this was scrivener's error and that General Statutes § 46a-70 is the statute relied on for the claim of employment discrimination. The plaintiff begs leave to amend the complaint if necessary; however, the plaintiff argues that the pleadings made clear the statutory ground for the claim. as evidenced by the defendants' response in their motion to dismiss. Moreover, the defendant's own argument shows that § 46a-60 cannot apply to state employees because another statute specifically refers to state employees — § 46a-70.
The plaintiff responds that there is statutory authority pursuant to General Statutes § 46a-99 to bring suit in Superior Court against the state for alleged discrimination in violation of General Statutes §§ 46a-70 through 46a-78. The plaintiff argues that the complaint sufficiently sets forth facts that allege violation of § 46a-70.
The Connecticut Fair Employment Practice Act (FEPA) provides that the CHRO "is charged . . . with initial responsibility for CT Page 1925 the investigation and adjudication of claims of employment discrimination." Malasky v. Metal Products Corp.,44 Conn. App. 446, 451, 689 A.2d 1145, cert. denied,241 Conn. 906, 695 A.2d 539 (1997). However, "General Statutes § 46a-99 . . . expressly provides . . . a direct right of action when the allegedly discriminatory employer is a state agency." Id.
General Statutes § 46a-70 (a) provides, in relevant part, that "[s]tate officials and supervisory personnel shall recruit, appoint, assign, train, evaluate and promote state personnel on the basis of merit and qualifications without regard for race . . . religious creed . . . national origin . . ." (Emphasis added.)
In the present case, the plaintiff alleges in count one that he was discriminated against on the basis of his national origin and religion (¶ 5); that the discrimination was the basis of negative evaluations (¶¶ 10, 12, and 15); and that the negative evaluations resulted in a decrease in merit increases and one-time bonuses which fell below the average of all other professors and instructors (¶ 10). The complaint further alleges that, with intent and malice, he was given discriminatory negative evaluations that his grant proposal was not approved, and that other staff were encouraged to withdraw their support of the proposal, and that this was done knowing that such grants are a significant factor in the evaluation process and would lead to negative evaluations and decrease in compensation.
Because the defendant's alleged conduct violates General Statutes § 46a-70 (a), the plaintiff may petition the Superior Court for relief pursuant to General Statutes §46a-99, which provides that "[a]ny person claiming to be aggrieved by a violation of any provision of Sections 46a-70 to46a-78, inclusive . . . may petition the superior court for appropriate relief and said court shall have the power to grant such relief, by injunction or otherwise, as it deems just and suitable."
The complaint alleges facts sufficient to invoke a statutory waiver of sovereign immunity, and, pursuant to General Statutes § 46a-99, the plaintiff is allowed to bring this claim against the state in the Superior Court without first seeking administrative remedy. Thus, the Superior Court is vested with jurisdiction to hear this matter. Accordingly, the defendant's CT Page 1926 motion to dismiss count one as against UConn is denied.
 B. Employment Discrimination as to Brody
The defendant argues as to count one against Brody that, as a state employee the plaintiffs claim of employment discrimination is barred by the doctrine of sovereign immunity pursuant to General Statutes § 4-165.
The plaintiff argues that the discriminatory acts by Brody violated Connecticut Constitution, Article 1, § 14, as well as federal Constitutional protection under the Fourteenth Amendment, which exempt the claim from the statutory bar. However, the plaintiff did not plead state or federal Constitutional violations in the complaint, so these arguments are of no avail.
General Statutes § 4-165 provides in relevant part that "[n]o state officer or employee shall be personally liable for damage or injury, not want on, reckless or malicious, caused in the discharge of his duties or within the scope of his employment. Any person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of this chapter." See Somers v. Hill, 143 Conn. 476,479-80, 123 A.2d 468 (1956); McKinley v. Musshorn, supra,185 Conn. 616. "We have . . . recognized that because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state . . . Therefore, we have dealt with such suits as if they were solely against the state and have referred to the state as the defendant." (Internal quotation marks omitted.) Tamm v. Burns, 222 Conn. 280, 283,610 A.2d 590 (1992).
The plaintiff alleges that Brody was "at all times material . . . acting in the scope of this authority" as an employee of UConn, State of Connecticut. (Count One, ¶ 3.) If the plaintiff has any right to proceed, "it would have to be against the state not the defendant state employee." McKinley v.Musshorn, supra, 185 Conn. 622; see also Sullivan v. State ofConnecticut, Superior Court, judicial district of New London at New London, Docket No. 536549 (January 27, 1997) (Hendel, J.) (18 CONN. L. RPTR. 584) ("[t]he state's waiver of immunity creates a right of action against the state but not against the state employee"); Barrett v. Scozzafava, Superior Court, judicial district of Waterbury, Docket No. 117972 (October 31, 1994) CT Page 1927 (Sullivan, J.) (9 CONN. L. RPTR. 1220) (pursuant to § 4-165, "a claim for damage or injury caused by an officer of the state while acting within the scope of his employment must be brought under the procedures for asserting claims against the state under General Statutes § 4-141, et seq."). Accordingly, the plaintiff's claim of employee discrimination against Brody in his individual capacity cannot stand. Therefore, the motion to dismiss count one as to Brody is granted.
 II. Counts Two, Three, and Four: Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, and Defamation as to UConn
The defendant argues that counts two, three, and four of the plaintiff's complaint against the state sound in common law contract and tort, and, as such, the claims are barred by the doctrine of sovereign immunity, which requires the consent of the state to be sued pursuant to General Statutes § 4-160. The defendant argues that the plaintiff failed to obtain consent to sue from the claims commissioner, and failed to indicate in the allegations that such consent was obtained. The defendant argues that the court. Therefore, lacks jurisdiction to hear these claims.
The plaintiff responds that these claims need not be filed with the commissioner as they are excepted pursuant to General Statutes § 4-142 (2) and (3). The plaintiff argues that the claims are otherwise authorized by law, and/or are claims for which an administrative hearing procedure is established by law.
There is no statute that expressly waives the state's immunity to common law breach of contract or tort actions. SeeWilson v. State, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 386665 (November 20, 1992) (Aurigemma, J.) (7 CONN. L. RPTR. 612, 8 C.S.C.R. 14) held that it was necessary for the claims commissioner to grant the plaintiff permission to sue state hospital for common law actions sounding in negligence and breach of contract. `There is nothing in the FEPA statutes indicating that the . . . remedy provided therein preempts common-law actions and recovery of damages for tort claims arising out of the conduct which also gives rise to the complaints under FEPA." (Internal quotation marks omitted.)Cantavero v. Horizon Meat Seafood Distributors, Inc., Superior Court, judicial district of Stamford, Docket No. 152918 (April CT Page 1928 22, 1997) (Nadeau, J.) (19 CONN L. RPTR. 333). Although common law causes of action are not preempted by FEPA and may be brought in addition to statutory claims; id.; General Statutes § 46a-99
does not authorize a direct action based on breach of contract or tort against the state. Section 46a-99 authorizes the plaintiff to bring action only for violation of § 46a-70, employment discrimination. See Wilson v. State, supra, 7 CONN. L. RPTR. 612,8 C.S.C.R. 14.
The plaintiffs argument that General Statutes 4-142 takes these claims out of the jurisdiction of the claims commissioner lacks merit. Claims sounding in contract and tort are not authorized `by law or statute for direct adjudication in the courts, nor is there an administrative procedure established for their adjudication. The plaintiff is in the same position as any other person who claims to have been damaged by some action of the state or its agents. Unless a particular statute can be found waiving the state's sovereign immunity, his only recourse is to the claims commissioner. State v. Pierro, 192 Conn. 98, 104,470 A.2d 240 (1984). Because the plaintiffs action in counts two, three, and four against the state are predicated solely on the principles of contract and tort law, he is prohibited from direct action in the courts on these counts. They are not covered in statute, thus he must first seek consent of the claims commissioner to pursue them. See Chotkowski v. State,240 Conn. 246, 264-65, 640 A.2d 368 (1997). Until such consent is obtained, this court does not have jurisdiction to hear the complaint as to counts two, three, and four. Therefore, the defendant's motion to dismiss courts two, three, and four as against UConn is granted.
 III. Count Four: Defamation as to Brody
The defendant argues that Brody, as a state employee, is exempt from liability pursuant to the doctrine of sovereign immunity, and that the plaintiff did not plead facts sufficient to allege intent or malice in order to fall within the exception to the bar of immunity in § 4-165 which allows for suits against a stale employee.
The plaintiff argues that the complaint sufficiently alleges facts that support allegations of intent and malice in order to fall within the exception of § 4-165.
Section 4-165 grants to government employees immunity from CT Page 1929 personal liability unless the conduct is want on, reckless or malicious. Furthermore, the plaintiff, as a teacher and, therefore, a public official; see Kelley v. Bonney, 221 Conn. 549,581, 606 A.2d 693 (1992); "is precluded from recovering damages for defamation unless he or she proves that the defamatory statement was made with actual malice." (Internal quotation marks omitted.) Abdelsayed v. Narumanchi, 39 Conn. App. 778, 781,668 A.2d 378 (1995), cert. denied, 237 Conn. 915, 676 A.2d 397, U.S. cert. denied, 117 S.Ct. 180, 136 L.Ed.2d 120 (1996). Moreover, in an action for defamation, qualified or conditional privilege may attach to a defendant who is a public official as to communications made in the discharge of his official duty. However, this privilege may be abused or lost if the defendant published or broadcast the defamatory remarks with malice, improper motive, or bad faith. See Bleich v. Ortiz, 196 Conn. 498,504, 493 A.2d 236 (1985); Miles v. Perry, 11 Conn. App. 584, 595,599, 610, n. 8, 529 A.2d 199 (1987). To find the defendant liable for defamation, "the court . . . [is] required to find that the [defendant] published false statements that harmed the plaintiff, and that the [defendant was] not privileged to do so." (Internal quotation marks omitted.) Torosyan v. Boehringer IngelheimPharmaceuticals, Inc., 234 Conn. 1, 27, 662 A.2d 89 (1995). "A qualified or conditional privilege arises out of an `occasion,' such as, when one acts in the bona fide discharge of a public or private duty." Miles v. Perry, supra, 11 Conn. App. 594. n. 8. "For the defense of conditional privilege to attach, a defendant must assert an objective interest sufficiently compelling to warrant protection of an otherwise defamatory communication."Bleich v. Ortiz, supra, 196 Conn. 501. "Despite the assertion of such an interest, a conditional or qualified privilege is defeated if the defendant acts with an improper or unjustifiable motive, i.e., malice, or if the scope or manner of publication exceeds what is reasonably necessary to further the [compelling] interest." Beebe v. Beebe, Superior Court, judicial district of New London at Norwich, Docket No. 103684 (October 16, 1995) (Austin, J.), citing Bleich v. Ortiz, supra, 196 Conn. 504. "For purposes of our law of defamation, malice is not restricted to hatred, spite or ill will against a plaintiff, but includes any improper or unjustifiable motive." Id.
Count four of the plaintiffs complaint alleges conduct outside of the statutory protection of § 4-165 and defeats the defendant's qualified privilege for the purpose of this motion. Specifically, the plaintiff alleges that Brody "intentionally and with malice misinformed third parties . . . CT Page 1930 of the content and scope of the project with the intent of having them withdraw their support" (¶¶ 12, 28) which defamed his character, and that he has been "held up [to] ridicule and embarrassment by the intentional false and malicious statements made" (¶ 30) and that this was done with the malicious motive to further the defendant's discriminatory conduct toward the plaintiff and to provide a basis for negative evaluations of the plaintiff to cause diminution in income. The language of the complaint specifically describes the alleged conduct which the plaintiff claims was intentional and malicious.
Based on the above analysis, and considering the allegations of the complaint in the manner most favorable to the plaintiff, the facts sufficiently allege specific acts of conduct which can be characterized as wanton, reckless, and malicious. Thus, the court has subject matter jurisdiction to hear this matter. Accordingly, the defendant's motion to dismiss count four as to Brody is denied.
 CONCLUSION
Based on the foregoing the defendant's motion to dismiss is denied as to count one as against UConn and granted as against Brody, granted as to counts two, three, and four against UConn, and denied as to count four against Brody.
STENGEL, J.